


# COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Jason R. Finkelstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6293
Writer's Direct Fax: 201.678.6293
Writer's E-Mail: JFinkelstein@coleschotz.com

May 8, 2025

**Via CM/ECF Filing**

Honorable Dale E. Ho, U.S.D.J.
United State District Court
Southerin District of New York
United States Court House
40 Foley Square
New York, NY 10007

      Re:    <u>UGX Brands, LLC, et al. v. The City of Norfolk, et al.</u>
               Civil Action No. 24-cv-5839 (DEH)

Dear Judge Ho:

      This firm was recently retained by Defendants The City of Norfolk, Global Music Touring, LLC, Antonio Dowe, and Terrence Thornton ("Defendants"), in the above referenced matter. Defendants have also retained Davis Graham & Stubbs LLP. Attorney Emily Wasserman of Davis Graham & Stubbs LLP will be filing a motion to appear *pro hac vice* on behalf of Defendants in short order.

      I write today regarding Plaintiffs' letter dated April 29, 2025 (ECF 52), and Plaintiffs' pending Motion for Preliminary Injunction (ECF 53). In Plaintiffs' letter, they request a hearing on their Motion for Preliminary Injunction to be held on Monday, May 12, 2025. While it does not appear that the Court has scheduled a hearing date on Plaintiffs' application, Defendants respectfully request that the Court stay (i) Defendants' deadline to respond to the Motion for Preliminary Injunction, and (ii) the hearing itself pending resolution of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF 37). In the alternative, Defendants request that the Court grant them a two-week extension of time, up to and including May 27, 2025, to respond to the Motion for Preliminary Injunction, and then set a hearing for a mutually convenient date thereafter. This request is made for several reasons.

      First, it is Defendants' position that the preliminary injunction hearing should not proceed until the Court first resolves Defendants' pending Motion to Dismiss for Lack of Personal Jurisdiction (ECF 37). The "'cardinal principle that the district court is "powerless to proceed" in the absence of personal jurisdiction applies with no less force when the court is presented with a motion for a preliminary injunction.'" *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016) (quoting *Khatib v. Alliance Bankshares Corp.*, 846 F. Supp. 2d 18, 24 (D.D.C.

coleschotz.com

40000/0603-49989280v2



Honorable Dale E. Ho, U.S.D.J.
May 8, 2025
Page 2

2012)); *see also ParTech, Inc. v. Jackson*, No. 24-cv-9381, 2025 WL 343215, at *3 (S.D.N.Y. Jan. 29, 2025).

Here, the Motion to Dismiss is already fully briefed. Defendants filed their Motion to Dismiss on December 12, 2025, Plaintiffs filed their response on January 6, 2025 (ECF 46), and Defendants filed their reply on January 21, 2025 (ECF 47). Plaintiffs notably did not address the obvious issues with personal jurisdiction over the Defendants in their Motion for Preliminary Injunction. However, personal jurisdiction is a threshold issue that respectfully must be decided prior to the Court considering Plaintiffs' request for injunctive relief – or any substantive relief for that matter – against the Defendants. Accordingly, Defendants request that the Court stay all proceedings related to Plaintiffs' requested preliminary injunction, including Defendants' obligation to respond to the Motion for Preliminary Injunction, pending a ruling on the Motion to Dismiss. *See Pablo Star Ltd.*, 170 F. Supp. 3d at 611 (granting motion to dismiss claims against select defendants for lack of personal jurisdiction and declining to consider motion for preliminary injunction as to those defendants).

In the alternative, Defendants request a two-week extension of time, up to and including May 27, 2025, to respond to Plaintiffs' Motion for Preliminary Injunction, and that the hearing be set for a mutually agreeable date thereafter. On April 29, 2025, Defendants' prior counsel, Pryor Cashman, filed a motion to withdraw (ECF 50), which was granted three (3) days ago on May 5, 2025 (ECF 57). Defendants have moved swiftly to retain new counsel. However, Defendants' newly retained counsel requires a reasonable period of time to get up to speed on the facts and issues in this case, and then brief them.

Moreover, this modest extension of time, if granted, will not prejudice Plaintiffs. Plaintiffs waited more than ten (10) months since sending their first cease and desist letter before filing their Motion for Preliminary Injunction. Given this delay, it cannot legitimately be said that an additional two weeks will cause significant – or any – prejudice. Indeed, delay alone is a basis for finding that the movant will not suffer irreparable harm and denying a motion for preliminary injunction. *See Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995); *see also Hello I Am Elliot, Inc. v. Sine*, No. 19-cv-6905, 2020 WL 3619505, at *15 (S.D.N.Y. July 2, 2020) (collecting cases and recognizing that courts "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months") (quoting *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998)).

This is Defendants' first request for an extension of any deadlines to respond to the Motion for Preliminary Injunction. This request will not impact any other case deadlines. Indeed, the Court previously granted the parties' joint request to stay all case deadlines pending resolution of Defendants' Motion to Dismiss (ECF 46 and Order dated December 19, 2024). The undersigned, along with Ms. Wasserman, attempted to confer with Plaintiffs' counsel yesterday about the foregoing both by telephone and e-mail. As of the time of this filing, we have not received any response.



Honorable Dale E. Ho, U.S.D.J.
May 8, 2025
Page 3

      We will await further instructions from the Court.  If the Court has any questions or is inclined to schedule a telephonic conference to discuss these issues, Defendants' counsel will make ourselves available.  We thank the Court for its time and attention to this matter.

      Respectfully submitted,

      */s/ Jason R. Finkelstein*

      Jason R. Finkelstein

JRF:bf
cc:    All counsel of record via ECF notice

The Court is in receipt of the endorsed letter.  Defendants' request to stay Plaintiffs' Motion for Preliminary Injunction is **DENIED**, but Defendants' request for an extension is **GRANTED**.  Accordingly, Defendants shall submit their response to Plaintiffs' Motion for Preliminary Injunction by **May 27, 2025**.  Plaintiffs shall file their reply no later than **June 3, 2025**.  The Clerk of Court is respectfully directed to terminate ECF No. 60.  SO ORDERED.

Dale E. Ho
United States District Judge
Dated: May 13, 2025
New York, New York