

**COLE SCHOTZ P.C.**

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Jason R. Finkelstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6293
Writer's Direct Fax: 201.678.6293
Writer's E-Mail: JFinkelstein@coleschotz.com

May 16, 2025

**Via CM/ECF Filing**

Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
United States Court House
40 Foley Square
New York, NY 10007

> Application GRANTED. Because Defendants' proposed redaction is sufficiently narrowly tailored and pertains only to the confidential business information of a non-party, the application is GRANTED. *See Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 06465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (allowing for sealing of "sensitive information" that might "harm [a parties'] competitive standing" if disclosed); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."). The Clerk of Court is respectfully directed to keep ECF No. 70-4 under seal with access limited to the applicable parties and to terminate ECF No. 69. SO ORDERED.
>
> Dale E. Ho
> United States District Judge
> Dated: May 19, 2025
> New York, New York

Re:   UGX Brands, LLC et al. v. The City of Norfolk, et al.
      Civil Action No. 24-cv-5839 (DEH)
      Letter Motion Requesting Leave to File Under Seal

Dear Judge Ho:

Pursuant to Rule 6(d) of Your Honor's Individual Rules and Practices in Civil Cases and the Court's Order dated May 5, 2025 (ECF 56), we write, along with our co-counsel, Davis Graham & Stubbs LLP, on behalf of Defendants The City of Norfolk, Global Music Touring, LLC, Antonio Dowe, and Terrence Thornton ("Defendants"), to request that the Court grant Defendants leave to file Exhibit D to the Declaration of Antonio Dowe in support of Defendants' Motion to Dismiss the Amended Complaint ("Dowe Declaration") with redactions only as to the amount of the performance fee paid to third party DJ Envy under an artist agreement. On May 9, 2025, we attempted to confer with counsel for Plaintiffs prior to submitting this application. Counsel has not yet responded. However, Plaintiffs did not oppose Defendants' prior request to keep the entire exhibit under seal. (*See* ECF 44.)

As previously explained, Exhibit D to the Dowe Declaration is an agreement (the "Agreement") between We Cousinz, LLC ("We Cousinz") and DJ Envy LLC for Raashaun Casey p/k/a DJ Envy ("DJ Envy"). (*See* ECF 44.) The Agreement includes certain commercially sensitive terms, such as the performance fee, as well as a confidentiality clause.

When evaluating whether sealing information is appropriate, the Court considers (1) whether the documents at issue are "judicial documents;" (2) if so, the weight of the presumption of public access attaching to any such documents; and (3) whether any countervailing factors outweigh the right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).



Honorable Dale E. Ho, U.S.D.J.
May 16, 2025
Page 2

  The Court has already determined that the document, which was submitted in support of the Motion to Dismiss, is a judicial document and that there is a strong presumption of public access. (ECF 56 at 2.) Accordingly, the only question is whether the presumption of public access is overcome by other factors.

  The need to protect confidential business information "may be a legitimate basis to rebut the public's presumption of access to judicial documents." *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). "Similarly, protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Id.*; *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (recognizing that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (alteration in original, internal quotation marks and citation omitted)). To that end, courts routinely find that pricing information satisfies the sealing standard. *See, e.g.*, *DoorDash, Inc. v. City of N.Y.*, 2024 U.S. Dist. LEXIS 172592, at *11 (S.D.N.Y. Sep. 24, 2024) (allowing plaintiffs to redact pricing terms); *AETN TV Networks, LLC v. Big Fish Ent., LLC*, No. 22-cv-07411, 2024 U.S. Dist. LEXIS 191370, at **3-4 (S.D.N.Y. Oct. 17, 2024) (granting motion to seal where disclosure of contract terms could harm parties' ability to negotiate contracts in the future); *Nervora Fashion, Inc. v. Advance Magazine Publrs. Inc.*, No. 24-cv-4805 (RA), 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (granting request to redact financial information and recognizing that courts "commonly seal[] documents containing revenue information, pricing information, and the like") (internal quotation marks and citation omitted; alteration in original).

  Consistent with the above cited cases and other decisions, Defendants request that the Court permit them to redact the amount of the fee that was paid to DJ Envy under the Agreement. Per the instructions provided by the Southern District's Help Desk, we will be filing contemporaneously herewith a re-filed copy of the entire Dowe Declaration with Exhibit D reflecting the proposed redaction. We will likewise re-file a copy of the entire Dowe Declaration under seal with the proposed redacted language to Exhibit D showing but highlighted. As reflected in the Agreement, the parties to the contract treat that information as confidential. Furthermore, if the information were to become public, it could harm the contracting parties' ability to negotiate with others in the future. Finally, the amount paid to DJ Envy is not relevant to the arguments in Defendants' Motion to Dismiss.

  For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to file Exhibit D to the Dowe Declaration with the proposed redactions.

               Respectfully submitted,

               */s/ Jason R. Finkelstein*

JRF:bf
Enclosures             Jason R. Finkelstein
cc: All Counsel of Record (via ECF notice)

40000/0603-50037124