UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UGX BRANDS, LLC et al.,

                  Plaintiffs,

v.

THE CITY OF NORFOLK et al.,

                  Defendants.

24-CV-5839 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

Plaintiffs UGX Brands, LLC and Trap Karaoke LLC (collectively, "Plaintiffs") bring this action against Defendants The City of Norfolk d/b/a Seven Venues, Global Music Touring, LLC, Antonio Dowe, and Terrence Thornton p/k/a Pusha T (collectively, "Defendants") for trademark infringement under Section 1114 of the Lanham Act, for false designation of origin under Section 1125(a) of the Lanham Act, and for common law trademark infringement and unfair competition under New York common law. *See* Compl., ECF No. 1. Plaintiffs specifically allege that Defendants' "Cousinz Festival" trademark infringes their "Meet the Cousins" trademark. *See id.*

On April 29, 2025, Plaintiffs moved for a preliminary injunction, seeking an order enjoining Defendants from using the "Cousinz Festival" trademark in connection with a music festival in Norfolk, Virginia scheduled to occur in August 2025. *See* Pls.' Mot. for Prelim. Inj. and Mem. of L. in Supp. ("PI Mot."), ECF No. 53-1. For the reasons stated below, Plaintiffs' motion is **DENIED**.

\* \* \*

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks. It is to prevent irreparable injury so as to preserve the court's ability to render a

meaningful decision on the merits."¹ *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996); *accord Paige v. N.Y.C. Hous. Auth.*, No. 17 Civ. 7481, 2018 WL 1226024, at *2 (S.D.N.Y. Mar. 9, 2018).² "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 119 (2d Cir. 2022). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023). Thus, "the moving party must first demonstrate that irreparable harm would be likely in the absence of a preliminary injunction before the other requirements for the issuance of a preliminary injunction will be considered." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015); *accord Frommer v. MoneyLion Techs. Inc.*, No. 23 Civ. 6339, 2023 WL 6850324, at *1 (S.D.N.Y. Oct. 17, 2023) ("[I]f a party fails to show irreparable harm, a court need not even address the remaining elements."); *Monowise Ltd. Corp. v. Ozy Media, Inc.*, No. 17 Civ. 8028, 2018 WL 2089342, at *1 (S.D.N.Y. May 3, 2018) (similar and collecting cases).

Plaintiffs fail to establish irreparable harm. As an initial matter, "the significant delay in bringing the preliminary injunction motion counsels against a finding of irreparable injury." *Two*

---

¹ Defendants have raised the issue of personal jurisdiction in this matter. *See* Defs.' Mem. of L. in Supp. of Mot. to Dismiss at 10-19, ECF No. 43; Defs.' Mem. of L. in Opp. Mot. for Prelim. Inj. at 4-5, ECF No. 74. However, as explained in this Opinion, the Court denies Plaintiffs' motion for a preliminary injunction on the ground that Plaintiffs have failed to establish irreparable harm. Accordingly, even assuming there is personal jurisdiction, which the Court does not decide here, Plaintiffs' motion is denied.

² In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

*Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 300 (S.D.N.Y. 2021).  Plaintiffs initiated this matter on July 31, 2024, *see* Compl., but did not seek a preliminary injunction at that time despite the fact that Defendants' Cousinz Festival was scheduled for August 31, 2024, *see id.* ¶ 56.  After the August 2024 festival occurred, on November 20, 2024, Plaintiffs filed an Amended Complaint in which they stated that "Defendants' activities . . . will continue to irreparably harm Plaintiffs."  Am. Compl. ¶ 65, ECF No. 35.[3]  Again, however, Plaintiffs did not file a motion for a preliminary injunction.

In fact, Plaintiffs did not seek a preliminary injunction until April 29, 2025, approximately nine months after filing the original Complaint,[4] *see* PI Mot., despite (1) their awareness of the August 2024 festival, *see* Compl. ¶ 56, (2) the allegation in their Amended Complaint that irreparable harm was likely to "continue," Am. Compl. ¶ 65, and (3) the repeated publicization of the Cousinz Festival as an annual event in interviews, news articles, and on social media, beginning as early as July 5, 2024, *see* Dowe Decl. ¶¶ 10-16, ECF No. 75; Dowe Decl., Exs. B-F.  "[T]he length of delay is measured from the time the plaintiff originally learned of the alleged violation or is put on notice thereof."  *Two Hands IP LLC*, 563 F. Supp. 3d at 301 (citing *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995)).  Thus, Plaintiffs' delay in seeking a preliminary injunction, for which they provide no explanation,

---

[3] Plaintiffs' Amended Complaint consists of two paragraphs numbered "65."  Here, and throughout this Opinion, the Court refers to the paragraph numbered "65" on page 12.  *See* Am. Compl. ¶ 65.

[4] On May 12, 2025, Plaintiffs filed a letter in opposition to Defendants' request to stay their motion for a preliminary injunction or, in the alternative, for an extension to respond to said motion.  *See* ECF No. 66.  In that letter, Plaintiffs state that they "became aware that Defendants were promoting a second live music festival" on "April 18, 2025."  *Id.* at 1.  However, Plaintiffs do not raise this argument in their opening brief in support of the motion for a preliminary injunction, *see* PI Mot., and submit no reply brief.  This argument is therefore waived.  *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an . . . opening brief are waived.").

"suggests that there is, in fact, no irreparable injury." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985). Moreover, "[c]ourts in this circuit have denied preliminary injuctions for delays shorter than this one." *Two Hands IP LLC*, 563 F. Supp. 3d at 300 (finding that plaintiff's delay of "more than three months" counseled against a finding of irreparable injury); *see Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005) ("We have found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction.").

Regardless, Plaintiffs have also "failed to show that [they] would be irreparably harmed because [they have] not adequately alleged that [they] will lose control over [their] reputation, nor provided sufficient evidence showing a possible loss of goodwill in the industry." *Two Hands IP LLC*, 563 F. Supp. 3d at 301. Plaintiffs' primary contention is that Defendants' "use of the 'Cousins Festival' mark threatens to erode the distinctiveness of Plaintiffs' 'Meet the Cousins' mark and damage[s] their reputation and goodwill." PI Mot. at 5. Plaintiffs elaborate that (1) the "media and press attention to the Plaintiffs and the association between Plaintiff[s] and the Defendants amply demonstrates the irreparable harm being done to Plaintiffs," and (2) that "Defendants' use tarnishes Plaintiffs' reputation and undermines the integrity of Plaintiffs' licensing activities, both in the live festival industry and others." *Id.* at 6-7.

Yet, Plaintiffs "must do more than assert that confusion itself will irreparably injure them, and conclusory statements of loss of reputation and goodwill constitute an insufficient basis for a finding of irreparable harm." *Two Hands IP LLC*, 563 F. Supp. 3d at 301. Here, Plaintiffs do not provide any examples, evidence, or additional arguments to support these conclusory allegations of harm, rendering such allegations "remote [and] speculative," rather than "actual and imminent." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015). Plaintiffs cannot, relying on these conclusory statements alone, establish

4

irreparable harm from the lack of a preliminary injunction. *See Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) ("[C]ourts must not simply presume irreparable harm. Rather, plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm.").

*   *   *

For the reasons given above, Plaintiffs' motion for a preliminary injunction is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 53.

SO ORDERED.

Dated: July 24, 2025
New York, New York

DALE E. HO<br>United States District Judge

5