UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UGX BRANDS, LLC and TRAP KARAOKE, LLC,

                              Plaintiffs,

                    v.

THE CITY OF NORFOLK, A MUNICIPAL CORPORATION d/b/a SEVEN VENUES, GLOBAL MUSIC TOURING, LLC, ANTONIO DOWE, and TERRANCE THORTON,

                              Defendants.

24 Civ. 5839 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Plaintiffs UGX Brands ("UGX") and Trap Karaoke bring this action against Defendants City of Norfolk ("Norfolk"), Global Music Touring, LLC ("GMT"), Antonio Dowe, and Terrance Thorton (a.k.a. "Pusha T") for trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); and New York common law trademark infringement and unfair competition. *See* Compl. ¶¶ 65-93, ECF No. 1. In response to the Motion to Dismiss, Plaintiffs seek to cross-amend to supplant GMT as a defendant with We Cousinz, LLC. *See* Cross Memorandum of Law in Support of Plaintiff's Motion to Further Amend Complaint and In Opposition to Defendants' Motion to Dismiss ("Pls.' Br.") at 1, ECF No. 48. Before the Court are Defendants' joint Motion to Dismiss the complaint for lack of personal jurisdiction and improper venue and failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendants move to transfer this case to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court **TRANSFERS** this case to the Eastern District of Virginia.

**BACKGROUND**

UGX "is a limited liability company organized and existing under the laws of the State of Ohio, having a principal place of business in Los Angeles, California. Compl. ¶ 8, ECF No. 1. Trap Karaoke "is a limited liability company organized and existing under the laws of the State of New York, having a principal place of business in New York." *Id.* ¶ 9. Defendant Norfolk is a municipal corporation in Virginia. Compl. ¶ 10; Proposed Second Amended Complaint ("SAC"), ECF No. 48-1 ¶ 10. Defendant We Cousinz "is a Virginia limited liability company, owned and operated by Antonio Dowe, marketing and promoting, a festival entitled 'Cousinz Festival.'" SAC ¶ 11. Defendants Dowe and Thornton are residents of Virginia. Declaration of Antonio Dowe in Support of Motion to Dismiss ("Dowe Decl.") ¶ 2, ECF No. 41; Declaration of Terrance Thornton in Support of Motion to Dismiss ("Thornton Decl.") ¶ 2, ECF No. 40.

Plaintiff UGX owns the mark "Meet the Cousins" and exclusively licenses this mark to Plaintiff Trap Karaoke. SAC ¶¶ 1-2. Trap Karaoke produces concerts and music events, including appearances from celebrities in the music industry. *Id.* ¶ 2. Trap Karaoke sells a wide-range of Trap Karaoke-branded apparel and merchandise, including apparel branded "Cousins" or "Meet the Cousins." *Id.* In addition, Plaintiffs offer a livestream webcast and video recordings viewed by "millions of people" and a smaller live event show entitled, "Meet the Cousins." *Id.*

This suit stems from "COUSINZ Festival," a music festival hosted by Defendants on August 31, 2024, in Norfolk, Virginia. SAC ¶¶ 10, 51. Plaintiffs assert that the festival infringed on the "Meet the Cousins" mark through use of the word "COUSINZ." *Id.* ¶ 4. Defendants also sold apparel featuring the word "COUSINZ" in connection with the festival. *Id.*

The parties dispute pertinent facts related to whether this Court has personal jurisdiction, let alone whether this is the best venue. Plaintiffs allege that each Defendant contracted at least some business in New York state. Plaintiffs allege Hunter Points Agency (HPA), a New York-

based marketing company contracted with Defendants, Norfolk "for the purpose of attracting consumers and sponsors" for the Cousinz festival in Virginia. SAC ¶ 18. Plaintiffs also allege that "Defendant Dowe and Defendant Pusha T contracted with Defendant Norfolk and Defendant We Cousinz to hire and pay DJ Envy, a New York-based radio personality to promote and market the infringing "COUSINZ" Festival to the New York Market." SAC ¶ 59. In addition, Plaintiffs allege that Defendant Dowe and Pusha T met to speak with "representatives of Adidas Sneakers in New York . . . Adidas Sneakers became a title sponsor and paid for expenses of the infringing "COUSINZ" festival." *Id.* ¶ 60. Finally, Defendant Pusha T further promoted COUSINZ festival through his "procurement of talent" utilizing the Cara Lewis Group, a New York-based talent agency. *Id.* ¶ 61. Defendants dispute all of these contacts, arguing they are either non-existent or insufficient to establish jurisdiction.

## DISCUSSION

On review of the briefing, the Court finds that there are close factual questions regarding jurisdiction in this District. However, all parties agree that jurisdiction and venue are proper in the Eastern District of Virginia. Accordingly, the Court addresses the venue motion in lieu of addressing the jurisdictional questions posed by the Motion to Dismiss. As explained below, the Court orders this case transferred to the Eastern District of Virginia.

## I.      Legal Standard

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have wide latitude to decide whether to transfer venue. *See In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)); *Guardian Life Ins. Co. of Am. v. Hernandez,* No. 11 Civ. 2114, 2011 WL 3678134, at *2 (S.D.N.Y. Aug. 22, 2011).

"Reaching a venue motion in lieu of first addressing personal jurisdiction is sensible where the question of whether there is personal jurisdiction over a defendant is close and likely to yield further litigation." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742–43 (S.D.N.Y. 2013); *see also Cavit Cantina Viticoltori Consorzio Cantine Sociali Del Trentino Societa' Cooperativa v. Browman Fam. Vineyards, Inc.*, 656 F. Supp. 2d 421, 424 (S.D.N.Y. 2009) (deciding venue first because "a substantial and genuine debate" existed over whether personal jurisdiction over defendant would be proper); *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F.Supp. 731, 735 (S.D.N.Y.1996) (also deciding venue first).  Further, where personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, it is "prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to [the Southern District] irrelevant." *Basile v. Walt Disney Co.*, 717 F.Supp.2d 381, 385–86 (S.D.N.Y.2010); *see also Corke v. Sameiet M.S. Song of Nor.*, 572 F.2d 77, 79–80 (2d Cir.1978); *Volk Corp. v. Art–Pak Clip Art Serv.*, 432 F.Supp. 1179, 1181 (S.D.N.Y.1977) ("[The Court] has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice.").

Assessing whether transfer is a valid exercise of discretion requires the Court to balance the following factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Everlast*, 928 F. Supp. 2d at 743.

## II.     Application

Upon consideration of the above, the Court concludes that transfer to the Eastern District of Virginia is in the interest of justice. To begin, nearly all of the above factors weigh in favor of transfer. All of the Defendants reside in the Eastern District of Virginia. SAC ¶¶ 10, 11; Dowe Decl. ¶ 2; Thornton Decl. ¶ 2. In conjunction, only one Plaintiff—Trap Karaoke—resides in the Southern District of New York, SAC ¶ 9, while UGX resides in Los Angeles, SAC ¶ 8. Further, it appears to the Court from Plaintiffs' complaint that this suit stems entirely from the Cousinz Festival, which occurred in the Eastern District of Virginia. *See* SAC ¶ 18 (Cousinz Festival is "the subject of this current lawsuit"), ¶ 19 (describing Cousinz Festival as the "subject festival"), ¶ 20 (Cousinz Festival is "the subject of this lawsuit."). Any relevant documents, witnesses, or other evidence also appear to be located in Virginia.

Some factors also counsel against transfer or are neutral. For example, Plaintiffs' choice of forum deserves some deference. However, that choice merits less deference where, as here, "the connection between the case and the chosen forum is minimal." *Chiste v. Hotels.com L.P.*, 756 F.Supp.2d 382, 401 (S.D.N.Y. 2010); *see also Terra Secs. ASA Konkursbo v. Citigroup*, 688 F.Supp.2d 303, 315 (S.D.N.Y. 2010); *D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 323 (S.D.N.Y. 1996) ("[A]lthough a plaintiff's choice of forum is generally given substantial weight, this presumption does not apply in cases such as this one where there is little material connection between the chosen forum and the facts and issues of the case."). Furthermore, here, the ability to compel witnesses and trial efficiency do not necessarily favor one forum over the other. And while Plaintiff does bring one claim under New York common law, "the standards for trademark infringement and unfair competition are virtually identical to the standard under the Lanham Act." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185, 229 (S.D.N.Y. 2022),

*aff'd*, 2024 WL 1152520 (2d Cir. Mar. 18, 2024).  Thus, the Eastern District of Virginia will be fully capable of addressing that claim given the similarities in the relevant legal standards.

In sum, the Court concludes that this is really an Eastern District of Virginia case.  It stems from a music festival that took place there, and it concerns organizers entirely based in and who prepared for and created any relevant documents concerning the festival there.  Given the close jurisdictional questions presented by proceeding in New York and the clear presence of jurisdiction in the Eastern District of Virginia, the Court concludes that the interests of justice favor transfer. *See Everlast*, 928 F. Supp. 2d at 746 (S.D.N.Y. 2013) (transferring to Kansas where Plaintiffs' legal theory turned on "business activities among the three defendants that undisputedly occurred in Kansas, not New York.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue pursuant to 28 U.S.C., Section 1404(a) is **GRANTED**.  The Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim is **DENIED WITHOUT PREJUDICE**.  The Clerk of Court is directed to terminate the motion pending at ECF No. 37, and to transfer this case to the Eastern District of Virginia.

SO ORDERED.

Dated: January 16, 2026

New York, New York

_____
DALE E. HO
United States District Judge

6